## Case No. 2,035.
### BROWNE v. BROWNE.
[1 Wash. C. C. 429.][1]

Circuit Court, D. Pennsylvania. April Term, 1806.

EJECTMENT—TITLE TO SUPPORT — JURISDICTION—DEED — CONVEYANCE BY GRANTOR OUT OF POSSESSION.

1. The lessor of the plaintiff, a resident in New York, as a member of the Population Company, was entitled to 165 out of 2,500 shares of a large body of lands in Pennsylvania; the legal title to which, was originally in three trustees, who, before the institution of this suit, conveyed the land, the object of this suit, to him, with other tracts, by lease, for six years; subject to an annual rent, and to a covenant, by the lessor, to bring suits to recover the land, and, at the end of the term, to deliver it up to the trustees. _Held_, that the title of the lessor of the plaintiff, was sufficient to give the circuit court jurisdiction of the case.

2. The lessor of the plaintiff had an equitable estate in the land, before the conveyance by the trustees; and the court could have compelled them to convey the legal estate to him, in which case, he could have maintained a suit in the circuit court. The conveyance of the trustees, having been voluntary, does not impair the jurisdiction.

3. A tenant in common, who is a citizen of another state, may sue in the circuit court for his portion, although his co-tenants, who are citizens of the state where the lands are, cannot maintain such a suit.

4. A conveyance of lands, of which the grantor is out of possession at the time of the execution of the deed, is valid, according to the common law of Pennsylvania.

The defendant filed a bill, on the equity side of this court, against the lessor; charging, that his title to the land in question, was derived under some colourable conveyance, by persons living in this state, with intent to give jurisdiction to the circuit court; and praying a full discovery. The answer states, that the defendant in equity, is a resident of New-York; and that he is a member of the Population Company, and holds 165 out of 2,500 shares in a large body of land, of which the premises in question are a part. That the legal estate was vested in three trustees, residing in Pennsylvania, who, on the fifth day of October, in the year 1805, conveyed the land in question, being 400 acres, as also about 19 other tracts, of the same quantity, by way of lease, for six years, from first January, 1805; rendering for each 400 acre tract, an annual rent of 40 dollars; by which lease, the said defendant covenants to bring suits for, and to recover said lands; and, at the end of the term, to deliver up the same to the trustees, who are to allow a certain sum for the improvements: that no other person is interested with him under the lease: that this suit has been instituted by the desire of the managers of said company; but, that he did not institute it for the purpose of trying the right of the company, but to recover the possession: that he intended to bring the ejectment before it was brought; but he first heard of its being brought, by a letter from one of the trustees, who is also attorney in the cause, dated 22d October, 1805; who, at the same time, informed him, that the leases were executed, and the counterparts ready to be executed. The suits were brought to October term, 1805.

Rawle and Levy now moved, on this answer, to strike off all these ejectments, upon two grounds: First, that the tract in dispute, is not worth 500 dollars; but no evidence of this was produced; and, as authority on this point, they cited cases, where Judge Chase, at the circuit court of Delaware, called upon the plaintiff to prove the value of the land in dispute; and, failing to show its value to amount to 500 dollars, he struck off the suit. Secondly, that the conveyance is merely colourable, as appears from the answer, and the circumstances of the case; viz. the execution of the deed, and bringing of the suit without the knowledge of the plaintiff: the short term, and high rent for wild, uncultivated lands, holden by adverse possession. [Maxwell's Lessee v. Levy] 2 Dall. [2 U. S.] 381; [Wharton's Ex'rs v. Lowrey] Id. 365; [Hollingsworth v. Virginia] 3 Dall. [3 U. S.] 378. Thirdly, that the lease is void, (the grantors being out of possession,) by the common law. The court informed the counsel, that this question was at rest in this state, and that this court had determined, in Hurst v. McNeil [Case No. 6,936], that this was no objection.

The defendant's counsel also offered some evidence to discredit the answer, which, being opposed by the other side, the answer being conclusive; (see Highri and Hopkins,) Rodney insisted, that this rule applies in chancery, where no replication is put in; it is not the case, where the answer is made use of at law. He cited Hind, Pr. 37; 2 Doug. 788; Peake, Ev. 34, 37.[2]

On the other side, Ingersoll and Lewis insisted, that the plaintiff has an equitable title, and also a legal title, and that this is like the case of Hurst and McNeil: that plaintiff may sue on an equitable title; and, if it be objected, that he cannot recover on it, though in Sims and Irvin the decision was otherwise; still the objection should be made at the trial, and it is no reason for dismissing the suits.

BY THE COURT. The lessor of the plaintiff has an equitable title, as tenant in common, to 165 out of 2,500 parts of the entire tract of land vested in the trustees, for the

---

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

[2] Query, as to this point, whether there is not reason for this difference: because, in equity, if plaintiff do not reply, defendant cannot take depositions to support this answer, nor indeed can a commission go. W.

benefit of those who compose what is called the Population Company. The trustees have conveyed to the lessor of the plaintiff in severalty, the lands in question, for the term of six years; and if they had conveyed it to him in fee, though for the express purpose of enabling him to recover on the law, instead of the equity side of this court, how would this oppose either the letter, or spirit of the constitution and act of congress? Not the former, because the parties are citizens of different states; nor the latter, because this court has jurisdiction of the cause without the deed, and it is merely the mode of proceeding, which is changed by it. Suppose, instead of 1,800 partners, there were but two, the one living in New-York, and the other in Pennsylvania, and, that the trustee should convey to the New-York citizen, one-half of all the land in severalty. Upon what ground could his right to recover that half be resisted, even although it appeared, that, as soon as he should recover, it was his intention to vest one-half of the land recovered, in the other tenant in common? Could he not, without the deed, have recovered the same land, by filing a bill on the equity side of this court, against the trustees and the other equitable owners, so as to compel the trustees to convey to him in severalty his half of the land; and after that, could he not institute suits on the law side of this court, against the tenants in possession? If the trustee could be compelled to make such a conveyance, and this would most certainly be the case, though the plaintiff should state in his bill, that his object was to sue on the law side of this court, as soon as the conveyance was made; may not the trustee make the conveyance, without a decree against him? The Pennsylvania tenant in common, could never sue in this court, either at law, or in equity, for his part; nor would the avowed intention of the New-York tenant, to convey one-half of the land to his companion, after the recovery; be an objection with this court, on its equity side, to ordering a conveyance. The objection could only arise, when the New-York tenant in common should attempt to recover more than his proportion under his existing equitable title, or under a colourable conveyance for such purpose. I cannot, I confess, distinguish this case from that of Hurst and Mc-Neil [supra]; and, as we are not satisfied, that that opinion was wrong, we think it right to decide this question in the same manner. At any rate, this motion is improper at this time; because, if the deed be good, the plaintiff may maintain his ejectment upon it, beyond all dispute; and, if void, so that his only title is an equitable one, the objection to his recovery, on such title, can be only proper at the trial. Rule discharged.